IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ECHO LINDSEY McDANIEL, | : | |
| Plaintiff, | : | |
| | : | NO. 3:23-CV-00101-TES-CHW |
| VS. | : | |
| SUPERIOR COURT OF | : | Proceedings Under 42 U.S.C. §1983 |
| WALTON COUNTY, *et al.*, | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Echo Lindsey McDaniel, a pre-trial detainee at the Walton County Jail in Monroe, Georgia, filed a pleading in the Northern District of Georgia that was docketed as a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. That civil action has been transferred to this Court. ECF Nos. 3 and 4. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, the Court finds that Plaintiff must recast her complaint in order to proceed and properly address the filing fee. Plaintiff's request to proceed *in forma pauperis* is **DEFERRED** until such time that Plaintiff fully complies with this Order.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed a motion to proceed *in forma pauperis*. ECF No. 2. A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust

fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Plaintiff did not submit a certified copy of her account statement showing her transactions for the previous six months, as required by the statute.  Accordingly, Plaintiff is **ORDERED** to file, within **FOURTEEN DAYS** of the date of this Order, a certified account statement signed by a jail official and a copy of her inmate trust fund account statement for the preceding six months so that the Court may properly evaluate her motion for leave to appeal *in forma pauperis*.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Here, Plaintiff complains that her constitutional rights have been violated by the Defendants due to her arrest and continued detention.  *See* ECF No. 1.  Her request for relief is for this Court to facilitate the dismissal of her state criminal charges and grant her an immediate release from custody.  *Id*. at 8.  However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"; release is not available as a remedy in a § 1983 action.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  Monetary damages are available in a § 1983 action but not in a habeas action.  *See Prieser v. Rodriguez*, 411 U.S. 475, 493 and 500 (1973).

If Plaintiff is challenging the fact or validity of her confinement and seeks release from custody, then Plaintiff must recast her complaint on the Court's standard § 2241 form for federal habeas corpus relief. However, "[i]n Georgia, the proper method for challenging pre-trial detention . . . is a state petition for writ of habeas corpus." *Hughes v. Coursey*, No. CV 110-077, 2010 U. S. Dist. LEXIS 86078 At *4-*5 ( S.D. Ga, July 27, 2010) (citing *Mullinax v. State*, 271 Ga. 112 (1999) and *Bozzuto v. State*, 276 Ga. App. 614 (2005)). Plaintiff is cautioned that any federal habeas petition is subject to the exhaustion doctrine. *See* 28 U.S.C. § 2254(b). In other words, a petitioner is required to exhaust all available state remedies such as a state habeas petition and/ or appeal before a petitioner may go forward with an action in federal court. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases"). Accordingly, this Court is barred from considering a federal habeas petition from the Plaintiff until she has fully exhausted her claims within the state courts. *See Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973) (addressing issue raised in §2241 petition only after concluding the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim).

If Plaintiff instead wishes to complain about the conditions of her confinement and seek monetary damages, she should recast her complaint on the Court's standard § 1983 form. Much of what Plaintiff complains about regarding her arrest on invalid warrants and continued detention pending trial may not presently be actionable under §1983 while

3

Plaintiff is a pre-trial litigant on a state criminal charge. *See Younger v. Harris*, 401 U.S. 37, 53 (1971) (federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law in State courts and will not suffer irreparable injury); *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000) (a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception). The fact that Plaintiff faces a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention. *See Younger*, 401 U.S. at 46.

If Plaintiff still wishes to pursue a federal claim, she must recast her complaint on the proper form for the legally actionable claim she wishes to bring after considering this Court's guidance above.

## CONCLUSION

If Plaintiff still wishes to pursue a federal claim, she must recast her complaint on the appropriate form. The recast pleading shall supersede (take the place of) the initial complaint. The Court will not look back at Plaintiff's initial pleading to determine whether Plaintiff has an actionable federal claim. If instead Plaintiff has determined after this preliminary review that she wishes to abandon her complaint at this time, then she may request a voluntary dismissal without prejudice.[1]

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2241 and § 1983 forms that Plaintiff must use in recasting her complaint. Plaintiff should be aware

---

[1] Because no defendant has been served in the case, Plaintiff is automatically entitled to a voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A).

that ***habeas corpus claims and civil rights claims may not be presented together in a single pleading or civil action***.  If Plaintiff wants to pursue both a habeas corpus claim and a § 1983 claim, then she must file separate actions for the different type of claims and address the filing fees for each.  The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $402.00.  Plaintiff should include this civil action number on only one of the recast complaints and the other claim will be assigned a new civil action number since it is a separate suit.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast her complaint and submit a certified account statement signed by a jail official along with a copy of her inmate trust fund account statement for the preceding six months.  **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's pleadings.**  There will be no service of process in this case until further order.

**SO ORDERED and DIRECTED**, this 22nd day of September, 2023.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge